HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEPHEN MORACH,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A., et al.

    Defendants.

CASE NO. C15-599RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant JP Morgan Chase Bank, N.A.'s ("Chase") Motion to Dismiss. Dkt. # 6. As set forth below, the Court **GRANTS** Chase's motion and **DISMISSES** Chase from this Action **with prejudice.**

## II. BACKGROUND

Plaintiff Stephen Morach's ("Plaintiff") complaint is not a paragon of clarity, but this Court will summarize its allegations as best as it can. This case involves real property located at 918 N. Waugh Road, Mount Vernon, Washington 98273 (the "Mount Vernon Property"). *See* Dkt. # 1-5 (Compl.) at 5.[1] Plaintiff borrowed $145,700.00 from Washington Mutual Bank on December 11, 2002 on that property; to secure repayment of the loan, Plaintiff executed a deed of trust, which was recorded in Skagit County on

---

[1] There are two "Complaints" attached to the Notice of Removal. *See* Dkt. # 1-1 & Dkt. # 1-5. For ease of clarity, this Court will refer to the documents located at Dkt. # 1-5 as the operative Complaint.

ORDER – 1

December 24, 2002. *See id.* at 13 & Evidence A[2] at 36-53. On August 6, 2007, Plaintiff borrowed $213,894.00 from Chase on the Mount Vernon Property. *See id.* at 13 & Evidence A at 54-61. Plaintiff's loan was evidenced by a promissory note payable to Chase. *See id.* at 13; Dkt. # 6-1 Ex. A at 2.[3] To secure repayment of the loan, Plaintiff executed a deed of trust providing that upon loan default, Chase could invoke its power of sale and sell the Mount Vernon Property. *See* Dkt. # 1-5 (Compl.) at 13 & Evidence A at 54, 58-59; Dkt. # 6-2 Ex. B. This deed of trust lists Stewart Title Company of Washington as the trustee and Chase as the lender and beneficiary. *See id.* Evidence A at 55.

Chase recorded its appointment of Northwest Trustee Services, Inc. ("NWTS") as successor trustee on March 26, 2013. *See* Dkt. # 6-3 Ex. C. NWTS recorded a Notice of Trustee's Sale on May 23, 2013. *See* Dkt. # 6-4 Ex. D. That notice of sale lists Plaintiff's arrearages in the amount of $31,675.36. *See id.* at 4. On November 1, 2013, a trustee's sale was held where Chase was the highest bidder. *See* Dkt. # 6-5 Ex. E at 3.

---

[2] Plaintiff labels the exhibits attached to the Complaint as "Evidence," so this Court will adopt that nomenclature for the purposes of this Order.

[3] Chase has attached five exhibits to its motion to dismiss. *See* Dkt. # 6. Although a court ordinarily may not consider evidence outside the complaint on a Rule 12(b)(6) motion to dismiss (*see Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001)), it may consider documents "referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Consequently, in similar cases, courts have considered evidence substantially identical to the evidence Chase has attached to its motion. *See e.g., Haag v. PNC Bank NA*, No. C13–1746JLR, 2014 WL 1725801, at *1 n.1 (W.D. Wash. Apr. 30, 2014) (taking judicial notice of deed of trust and other documents); *Petheram v. Wells Fargo Bank*, No. C13–1016JLR, 2013 WL 4761049, at *1 n.1 (W.D. Wash. Sept. 3, 2013) (taking judicial notice of deed of trust, assignments of the deed of trust, and notices of trustee sales even though they were not attached to the complaint). Moreover, the majority of the submitted documents (*see* Dkt. # 6 Exs. A, B, C & E) are public records properly subject to judicial notice (*see United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008)).

The Court will take judicial notice of these documents. However, it separately notes that "facts not appearing of record" must typically be supplied by separately filing "affidavits, declarations, photographic or other evidence presented in support of the motion." *See* Local Rules W.D. Wash. LCR 7(b); *see also Reynolds Metals Co. v. Alcan Inc.*, No. C04-175L, 2005 WL 1252202, at *2 (W.D. Wash. May 23, 2005). No declarations or other testimony authenticating these exhibits is presented, nor does Chase request that this Court take judicial notice under Fed. R. Evid. 201.

ORDER – 2

1    Accordingly, NWTS issued a trustee's deed to Chase on November 14, 2013. *See id.* at
2    1.
3          This suit was filed on February 23, 2015. *See* Dkt. # 1-5 (Compl.) at 2. As best as
4    this Court can tell, Plaintiff brings claims for violations of California Business &
5    Professions Code § 17200 (*id.* at 16), breach of the covenant of good faith and fair
6    dealing (*id.* at 17), injunctive relief (*id.* at 17-18), violation of California Civil Code §
7    1572 (*id.* at 18-19), fraud and forgery (*id.* at 19-20), quiet title or declaratory relief (*id.* at
8    20), and violation of the Fair Debt Collection Practices Act (*id.* at 24-28).

### III. LEGAL STANDARD

10         Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a
11   claim. The rule requires the court to assume the truth of the complaint's factual
12   allegations and credit all reasonable inferences arising from those allegations. *Sanders v.*
13   *Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory
14   allegations that are contradicted by documents referred to in the complaint." *Manzarek v.*
15   *St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must
16   point to factual allegations that "state a claim to relief that is plausible on its face." *Bell*
17   *Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint
18   avoids dismissal if there is "any set of facts consistent with the allegations in the
19   complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S.
20   662, 679 (2009).
21         The Court typically cannot consider evidence beyond the four corners of the
22   complaint, although it may rely on a document to which the complaint refers if the
23   document is central to the party's claims and its authenticity is not in question. *Marder v.*
24   *Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The Court may also consider evidence subject
25   to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).
26         Where a plaintiff proceeds *pro se*, the court must construe his "complaints
27   liberally even when evaluating it under the *Iqbal* standard." *Johnson v. Lucent Techs.*
28   ORDER – 3

1  *Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th
2  Cir. 2010)). "Furthermore, '[l]eave to amend should be granted unless the pleading could
3  not possibly be cured by the allegation of other facts, and should be granted more
4  liberally to pro se plaintiffs.'" *Id.* (quoting *McQuillion v. Schwarzenegger*, 369 F.3d
5  1091, 1099 (9th Cir. 2004)).

### IV. ANALYSIS

#### a. Plaintiff's Failure to File an Opposition

Chase filed the instant Motion on July 23, 2015. *See* Dkt. # 6. Plaintiff has never filed any opposition, as Chase points out in its reply. *See* Dkt. # 7. Under this Court's Local Rules, Plaintiff's failure to oppose Chase's motion "may be considered by the court as an admission that the motion has merit." *See* Local Rules W.D. Wash. LCR 7(b)(2). For this reason alone, this Court is inclined to grant Chase's motion. Nevertheless, because Plaintiff is proceeding *pro se*, this Court will more thoroughly consider the merits of Chase's motion.

#### b. Waiver of Claims

Chase first argues that Plaintiff has waived all of his claims other than fraud by failing to obtain a pre-sale injunction. *See* Dkt. # 6 at 8.

The Washington Deed of Trust Act ("DoTA") sets out the "only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure." *Gossen v. JPMorgan Chase Bank*, 819 F. Supp. 2d 1162, 1169 (W.D. Wash. 2011) (citing *Brown v. Household Realty Corp.*, 189 P.3d 233, 235-36 (Wash. Ct. App. 2008)); *see also Merry v. Nw. Trustee Servs., Inc.*, 352 P.3d 830, 834 (Wash. Ct. App. 2015). Under this principle, "waiver of a postsale contest occurs when 'a party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale.'" *Frizzell v. Murray*, 313 P.3d 1171, 1174 (Wash. 2013) (quoting *Plein v. Lackey*, 67 P.3d 1061, 1067 (Wash. 2003)).

ORDER – 4

1    It appears that all three elements for waiver are present here.  First, Plaintiff does not allege that he did not receive notice of his right to enjoin the trustee sale.  Rather, Plaintiff in fact alleges that he received notices of defaults and notices of trustee sales, but levies conclusory allegations that they have been fraudulently filed.[4]  *See* Dkt. # 1-5 (Compl.) at 15.  Second, Plaintiff does not dispute that these documents notified him of his right to seek to enjoin the sale, nor could he, given the clear language of those documents.  *See e.g., id.* Evidence A at 58-59; Dkt. # 6-4 Ex. D at 5.  Finally, there is no question that Plaintiff did not bring an action to enjoin the trustee's sale prior to the sale's occurrence on November 1, 2013.  *See id.*; Dkt. # 6-5 Ex. E at 3.  Waiver applies and, therefore, Plaintiff's claims for quiet title, declaratory relief, and injunctive relief are deemed waived and are **DISMISSED**.  *See Gossen*, 819 F. Supp. 2d at 1169.

Certain claims for money damages after a foreclosure sale has occurred are exempted from the waiver doctrine, including claims for common law fraud or misrepresentation, violations of Title 19 of the Revised Code of Washington, failures of the trustee to comply with the DoTA, and violations of RCW 61.24.026.  *See* RCW 61.24.127(1).  Plaintiff alleges at least a claim for fraud, so this Court will proceed to analyze certain other claims that have not necessarily been waived.

c.  Plaintiff's California Claims

Plaintiff alleges numerous California-law based claims, likely because his Complaint is likely copied from a complaint filed in California.  *See* Dkt. # 1-5 (Compl.) at 9 (claiming that venue was proper because "[t]he causes . . . as alleged in this complaint occurred in San Bernardino County and elsewhere in California and the United States.").  In any event, the law of California does not apply to the note or loan at issue here.  *See id.* Evidence A at 58 ("the interpretation and enforcement of this Deed of Trust shall be governed by the law of the jurisdiction in which the Property is located.").  And

---

[4] The Court need not, of course, accept as true legal conclusions unsupported by factual allegations or are contradicted by documents referred to in the Complaint.  *See Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 957 (9th Cir. 2011).

ORDER – 5

Plaintiff has not shown how the presumption against extraterritorial application of California law is overcome in this case. *See O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1004 (N.D. Cal. 2014) (citing *Sullivan v. Oracle Corp.*, 51 Cal.4th 1191, 1207 (2011)). Plaintiff's claims for violations of California's unfair competition statutes are therefore **DISMISSED**.

    d. <u>Plaintiff's Breach of Duty of Good Faith And Fair Dealing Claim</u>

Plaintiff appears to allege that Chase breached the duty of good faith and fair dealing by breaching provisions contained in the promissory note and deed of trust. *See* Dkt. # 1-5 (Compl.) at 17. But he does not identify any specific contract provision that the duty is tied to. Such is necessary under Washington law. *See Gossen*, 891 F. Supp. 2d at 1170 ("A covenant of good faith and fair dealing exists only in relation to performance of a specific contract obligation."); *Badgett v. Sec. State Bank*, 807 P.2d 356, 360 (Wash. 1991) ("the duty arises only in connection with terms agreed to by the parties"). Plaintiff does mention *any* terms of any deed of trust in his Complaint. Accordingly, the Court **DISMISSES** this claim.

    e. <u>Plaintiff's Fraud Claims</u>

Plaintiff brings several claims for fraud, including pursuant to California Civil Code § 1572, which has no application to this case. *See* Dkt. # 1-5 (Compl.) at 18-20. The basis for the alleged fraud claims is unclear, but apparently stems from an unknown employee's signature of an assignment of a deed of trust and void, forged, or fraudulent filings of notices of default and notices of trustee sale. *See id.* at 19.

Under Washington law, a claim for fraud has nine elements: "(1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff." *Gossen*, 819 F. Supp. 2d at 1170 (citing *Stiley v. Block*, 925 P.2d 194, 204 (Wash. 1996)); *see also Bisson v. Bank of*

ORDER – 6

*Am., N.A.*, 919 F. Supp. 2d 1130, 1137 (W.D. Wash. 2013) (citing *Kirkham v. Smith*, 23 P.3d 10, 13 (Wash. Ct. App. 2001)).

In addition, under Federal Rule of Civil Procedure 9(b), a party alleging fraud must "state with particularity the circumstances constituting fraud." Generally speaking, this "must be accompanied by 'the who, what, when, where, and how'' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (quoting *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994)).

Plaintiff does not do so here. In fact, Plaintiff does not appear to allege any false statement attributed to Chase. Plaintiff does not identify who the "unknown employee" who signed some deed of trust worked for or how his or her signing constitutes fraud or forgery. As far as this Court can tell, Plaintiff does not even allege that any deed of trust was forged or fraudulent when he originally entered into the underlying loan agreements. *See* Dkt. # 1-5 (Compl.) at 13. These allegations are not sufficient to satisfy the Rule 9(b) – or even Rule 12(b)(6) – standards for alleging a cause of action. Simply put, Plaintiff's allegations are unsupported, conclusory, and ill-formed.

The heart of Plaintiff's fraud allegations revolves around a rather convoluted theory by which securitization of a note extinguishes any rights stemming from the note or that has removed Chase as a beneficiary of the promissory note. *See id.* at 13-15. None of these allegations, as best this Court can tell, creates a valid legal claim. *See Andrews v. Countrywide Bank, NA*, 95 F. Supp. 3d 1298 (W.D. Wash. 2015) (addressing similar allegations in connection with a motion for a temporary restraining order). Plaintiff's fraud claims are therefore **DISMISSED**.

ORDER – 7

f. Plaintiff's Fair Debt Collection Practices Act ("FDCPA") Claim

Finally, Plaintiff appears to allege an FDCPA claim against some defendant. *See* Dkt. # 1-5 (Compl.) at 24-28. Chase does not address this claim, likely because it is not listed with any of his other causes of action and is otherwise buried in Plaintiff's 71 page long Complaint. In any event, this Court sees no reason why it should not dismiss Plaintiff's FDCPA claim, given that it does not contain a single allegation involving any defendant. *See id.* Under the FDCPA, Plaintiff must allege facts showing that a defendant is a "debt collector" collecting a "debt." *See Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D.Cal.2008); 15 U.S.C. § 1692a(6). Plaintiff does not come close, and his FDCPA claim is therefore **DISMISSED**.

g. Leave to Amend

Finally, this Court must address whether Plaintiff should be given leave to amend his claims. The Ninth Circuit has repeatedly held that a district court should grant leave to amend even if no request to amend the pleadings was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

This Court has thoroughly considered Plaintiff's Complaint and finds that none of Plaintiff's claims could be salvaged through the pleading of further facts. The waiver doctrine bars Plaintiff's claims for injunctive or declaratory relief and no further facts will resuscitate those claims. Plaintiff's California-statute based claims, as a matter of law, fail because they do not apply to the loan, note, deeds of trust, or even the Mount Vernon Property, as far as this Court can tell. Plaintiff hardly mentions the terms of the promissory note or deeds of trusts upon which his breach of the covenant of good faith and fair dealing claim is ostensibly based. There is little reason to believe that he could allege facts sustaining that claim now, especially as the facts he now alleges do not claim that Chase even materially breached a term in any of those documents. Plaintiff's fraud claims appear to be based on a nonsensical theory involving the securitization of his

ORDER – 8

promissory note – that theory cannot sustain a cause of action.  Finally, Plaintiff's failure to allege *any* facts supporting his FDCPA claim weighs against permitting leave to amend.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Chase's motion to dismiss and **DISMISSES** Chase **with prejudice**.  Dkt. # 6.

DATED this 26th day of October, 2015.

The Honorable Richard A. Jones
United States District Judge

ORDER – 9